```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT

M. James Seemann,                :
                                 :
         Plaintiff,              :
                                 :
         v.                      :    Case No. 2:11-cv-206
                                 :
United States Postal             :
Service,                         :
                                 :
         Defendant.              :
```

## OPINION AND ORDER
(Doc. 6)

Plaintiff M. James Seemann, proceeding *pro se*, claims to have suffered harm because his mail was not delivered properly to a post office box in Rutland, Vermont. Defendant United States Postal Service ("USPS") now moves to dismiss on the basis of sovereign immunity and Seemann's alleged failure to exhaust his administrative remedies. The motion to dismiss is unopposed. For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED without prejudice.

## Factual Background

Seemann commenced this case on August 29, 2011, by filing a one-page Complaint alleging a failure to properly deliver his mail. He claims to have a post office box "at the Irving Station in Rutland[,] Vermont," and that "[a]

number of items were not delivered to the box rented by the plaintiff." (Doc. 4 at 1.) As a result, Seemann has allegedly had his license suspended four times, and has "also suffered other monetary damages." *Id.* For relief, Seemann seeks compensation in the amount of "one thousand dollars for documented losses," and $7,000 for emotional distress.

The USPS now moves to dismiss the Complaint, arguing that it is protected by sovereign immunity. The USPS also asserts that Seemann has failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). As noted above, the motion to dismiss is unopposed.

## Discussion

The USPS brings its motion pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6). The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). However, on a motion to dismiss under Rule 12(b)(1), the party invoking the Court's jurisdiction bears the burden

of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6).  *Id.*  In deciding both types of motions, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff."  *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005).

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).  In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), however, the Court "may resolve disputed factual issues by reference to evidence outside the

pleadings, including affidavits." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

I. <u>Sovereign Immunity</u>

Pursuant to the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq.*, the USPS is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, and, as such, it "enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006). Although the PRA "generally waives the immunity of the [USPS] from suit by giving it the power 'to sue and be sued in its official name,'" *id.* (quoting 39 U.S.C. § 401(1)), it also specifically provides that the FTCA "shall apply to tort claims arising out of activities of the [USPS]." 39 U.S.C. § 409(c); *see Dolan*, 546 U.S. at 484. Consequently, and because the claim in this case alleges negligent delivery of mail, any waiver of sovereign immunity is dictated by the terms of the FTCA.

The FTCA contains an express waiver of the United States' sovereign immunity for claims arising out of certain torts committed by federal employees. *See Ali v. Federal*

*Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)); *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008).  The FTCA also contains exceptions to its waiver of sovereign immunity, as set forth in 28 U.S.C. §§ 2680(a)-(n).  *See Ali*, 552 U.S. at 218; *see also Dolan*, 546 U.S. at 485 (holding that if one of the FTCA's exceptions applies, the bar of sovereign immunity remains).  Federal courts do not have subject matter jurisdiction over claims falling within one of the exceptions to the FTCA's waiver of sovereign immunity.  *See Fazi v. United States*, 935 F.2d 535, 537 (2d Cir. 1991).

Relevant to this case, the FTCA specifically exempts from its waiver of sovereign immunity "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b); *see Dolan*, 546 U.S. at 485.  Under this "postal matter exception," the USPS retains sovereign immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."  *Dolan*, 546 U.S. at 489.

Seemann seeks to hold the USPS liable for damages suffered as the result his mail failing to arrive and/or

being misdelivered.  The USPS, pursuant to the FTCA, has specifically retained sovereign immunity with respect to such a claim.  *See id.*  The Court therefore lacks subject matter jurisdiction over this case.  *See id.; see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.").

## II. Failure To Exhaust

Even if the "postal matter exception" did not explicitly bar this case, the Court would lack subject matter jurisdiction because Seemann has not shown compliance with the FTCA's administrative exhaustion requirement.  28 U.S.C. § 2401(b); *Celestine v. Mount*, 403 F.3d 76, 82 (2d Cir. 2005).  The FTCA requires a plaintiff to exhaust his administrative remedies prior to commencing a lawsuit.  *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  "[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth [therein] must be adhered to strictly."  *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983).

The FTCA's exhaustion requirement is jurisdictional and not subject to waiver.  *See Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005).  Furthermore, "[t]he burden is on the plaintiff to both plead and prove compliance with the statutory requirements" of the FTCA.  *In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir. 1987); *see also Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).

Here, Seemann's Complaint is silent on the question of exhaustion, and there has been no response to the USPS's motion to dismiss.  Moreover, the USPS has submitted an affidavit from John Pyne, a Paralegal Specialist with the USPS, attesting to the fact that the USPS has not received an administrative claim from Seemann.  (Doc. 6-1.)  The Court therefore finds that Seemann has not carried his burden of proving compliance with the FTCA's exhaustion requirement, and that it is thus deprived of subject matter jurisdiction.

III.  <u>Leave to Amend</u>

The Second Circuit has cautioned that when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a

liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Nonetheless, leave to amend my be denied when amendment would be futile. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Seemann's claim in this case is clearly barred by the FTCA's "postal matter exception," and by Seemann's failure to show exhaustion of the FTCA's administrative process. Accordingly, any amendment to the Complaint would be futile, and leave to amend is not warranted.

## Conclusion

For the reasons set forth above, the USPS's motion to dismiss (Doc. 6) is GRANTED, and this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

Dated at Burlington, in the District of Vermont, this 4th day of June, 2012.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court